**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHIRLEY A. BANKS-BENNETT,** | : | |
| Plaintiff, | : | CIV. A. NO. 1:08-0280 |
| v. | : | (KANE, C.J.) |
| | : | (MANNION, M.J.) |
| **BUREAU'S ORGANIZED CRIME AND VICE CONTROL UNIT,** *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

On February 13, 2008, Shirley A. Banks-Bennett filed a wide-ranging *pro se* civil rights action, (the Complaint or Doc. No. 1), under 42 U.S.C. § 1985(3) and, by implication, under *Bivens*, against a variety of federal, state, and municipal officials and entities for conduct connected to the events surrounding the May 7, 1998 search of her and her husband's home and cars, and her and her husband's subsequent arrest, trial, and conviction after a plea. The conduct of which Banks-Bennett complains was already fully and finally litigated in a prior federal civil rights action, in which she was denied all relief.[1] Furthermore, many of the defendants in the instant action were defendants in the prior action. Indeed, there are only two substantive distinctions between the two actions. First, in the instant action she names some new defendants. Second, in the instant action, she alleges relief under

---

[1] *See Banks-Bennett v. Bureau's Organized Crime and Vice Control Unit*, Civ. A. No. 99-1065 (M.D. Pa. Sept. 27, 2000) (Kane, J.), *aff'd,* C.A. No. 00-2623 (3d Cir. Apr. 30, 2002) (per curiam) (NOT PRECEDENTIAL).

Section 1985(3), the conspiracy provision.[2]

Before this Court are four fully briefed motions to dismiss brought by different sets of defendants. For the reasons elaborated below, and after considering the parties submissions, the Court recommends granting each motion to dismiss.

## I.   FACTS AND PROCEDURAL BACKGROUND

The facts of this case are stated above and also appear more fully in the memorandum opinions and orders of the District Court and the Third Circuit in the prior related litigation brought by Banks-Bennett. *See Banks-Bennett v. Bureau's Organized Crime and Vice Control Unit*, Civ. A. No. 99-1065 (M.D. Pa. Sept. 27, 2000) (Kane, J.) (dkt. no. 114), *aff'd*, C.A. No. 00-2623 (3d Cir. Apr. 30, 2002) (per curiam) (NOT PRECEDENTIAL) (dkt. no. 118); *id*. (M.D. Pa. Aug. 20, 1999) (Kane, J.) (ORDER) (dkt. nos. 24 & 25); *id*. (M.D. Pa. June 19, 2000) (Munley, J.) (ORDER) (dkt. no. 85); *id*. (M.D. Pa. Aug. 24, 2000) (Kane, J.) (ORDER) (dkt. no. 107); *see also* Compl. attachment at 2 (denominating the prior action, *supra*, as "Background") (hereinafter the "prior action").

## II.   STANDARD OF REVIEW

The defendants' motions to dismiss are brought pursuant to Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in

---

[2] *See* Doc. No. 1 at 1 (alleging conspiracy); *id*. attachment at 1 (alleging a violation of Section 1983(3), apparently in error, and citing a case discussing Section 1985(3) conspiracy liability). Plaintiff's failure to cite the correct statute has led to confusion – any number of defendants ground their arguments in Section 1983 case law, rather than Section 1985 case law.

part, if the plaintiff fails to state a claim upon which relief can granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not

3

physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). Obviously, this includes the memoranda and orders of the District Court and the Third Circuit in the prior action.

*Substantive Standard for Reviewing a Section 1985(3) Claim*. Section 1985(3) provides:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). Thus, a Section 1985(3) conspiracy claim has four elements:

(1) a conspiracy;
(2) for the purposes of depriving another ([plaintiff]) of equal

4

protection or equal privileges and immunities;
(3) any act in furtherance of the conspiracy committed or caused to be committed by a conspirator; [and]
(4) whereby another ([plaintiff]) was injured in his or her person or property or deprived of a right or privilege as a United States citizen.

*Bethel v. Jendeco Const. Corp.*, 570 F.2d 1168, 1172-73 (1978); Compl. attachment at 1 (same).

### III. LEGAL ANALYSIS

#### A. Federal Defendants' Motion To Dismiss

In the course of prosecuting her and her husband, a suppression hearing was heard before Judge Sylvia H. Rambo. At that hearing the Government was represented by Assistant United States Attorney Bruce Brandler. *See* Compl. attachment at 3. As for the third federal defendant, Assistant United States Attorney William A. Behe, the Complaint makes no specific allegations against him. As federal officers, these defendants are not subject to Section 1985(3) liability. The Court assumes, and the federal defendants concede, (Doc. No. 38 at 4), that in lieu of Section 1985, liability can be asserted against them under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). These federal defendants have brought a motion to dismiss asserting a variety of defenses. (Doc. No. 37 (motion), Doc. No. 38 (supporting brief).) Plaintiff filed an opposition brief. (Doc. No. 40.)

##### 1. Personal Involvement

As to Behe, because there are no allegations of personal involvement in any alleged wrongs, including, for example, his taking any action, his

5

participation in, or his agreeing to the object of the conspiracy, any claim against Behe should fail. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

2. Judicial and Prosecutorial Immunity

The contested conduct here was official action taken by the defendants in their role as judicial officers and prosecutors. As such there conduct is protected by the doctrines of judicial immunity[3] (in the case of defendant Rambo) and prosecutorial immunity[4] (in the case of defendant Brandler, and to Behe to the extent that plaintiff is alleging that Behe participated in the same or similar acts as Brandler). "Principles of judicial immunity from suit enunciated in the context of §1983 actions are equally applicable in the context of a *Bivens* action." *Conway v. Lindsay*, Civ. A. No. 7-1457, 2008 WL 2562949, at *1 n.3 (M.D. Pa. June 24, 2008) (Kane, C.J.) (citing *Brawer v. Horowitz*, 535 F.2d 830, 834 (3d Cir.1976)). Generally, the same principles apply to prosecutorial immunity. *See Potter v. Deputy Attorneys Under Abraham*, C.A. No. 08-1762, 2008 WL 5351929, at *1 (3d Cir. Dec. 23, 2008)

---

[3] The common law doctrine of judicial immunity is applicable to civil rights actions. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967). Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). When sued in a civil rights action, judges are immune from liability where the judge had jurisdiction over the subject matter and was performing a judicial act.

[4] *See, e.g.*, *Imbler v. Pachtman*, 424 U. S. 409 (1976); *Henderson v. Fisher*, 631 F.2d 1115 (3d Cir. 1980); *Esteves v. Brock*, 106 F.3d 674 (5th Cir. 1997); *Hill v. City of New York*, 45 F.3d 653 (2d Cir. 1995) (prosecutorial immunity from §1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with prosecutor's function as advocate).

(per curiam) ("Potter's Section 1983 claim against the deputy district attorneys was correctly dismissed because, among other reasons, the attorneys enjoyed absolute immunity.") (NOT PRECEDENTIAL).

### 3. Statute of Limitations

A *Bivens* action asserting personal injury, as here, is subject to Pennsylvania's two year statute of limitations. *See* 42 Pa. C.S. § 5524; *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78 (3d Cir. 1989) ("[W]e conclude that the most analogous statute of limitations, as in section 1983 and 1985 claims ... is Pennsylvania's two year statute of limitations period applicable to personal injury actions ...."). This action was brought nearly 10 years after plaintiff was subjected to the conduct about which she complains, i.e., official conduct relating to her and her property being searched, arrested, tried and convicted. Indeed, this action was instituted more than 5 years after appellate review of the prior action had ended. Furthermore, the Court sees no argument or allegations in the Complaint which would justify the application of any tolling doctrine.[5]

Therefore, for reasons relating to a lack of factual allegations tending to establish personal involvement (as to Behe), and on statute of limitations grounds and on (judicial and prosecutorial) immunity grounds (as to all three

---

[5] However, in Plaintiff's opposition brief she alleges that an MRI of her brain identified a ministroke on "7-12-01" allegedly connected to her having been denied medication while in jail. Even using this later date, this action was filed long after the two year statute of limitations. Nor did this stroke impede plaintiff from filing (other) litigation. Plaintiff filed another matter in federal court. *See Banks-Bennett v. O'Brien*, Civ. A. No. 07-1875, 2007 WL 4556672 (M.D. Pa. Dec. 20, 2007) (Caldwell, J.) (denying plaintiff relief), *aff'd*, C.A. No. 08-1588 (3d Cir. Aug. 29, 2008) (per curiam) (NOT PRECEDENTIAL); Compl. attachment at 2 (citing *O'Brien, supra*). There is no indication in her papers that any incapacity precluded her filing the instant action within the relevant limitations period.

7

federal defendants), the Court will recommend that the federal defendants' motion to dismiss be granted.[6] (Doc. No. 37.)

B.  State Judicial Defendants' Motion To Dismiss

Just as Banks-Bennett has sued Judge Rambo, a federal judge, plaintiff has also sued a number of state judges, including: John F. Cherry, Lawrence F. Clark, Jr., and Joseph H. Kleinfelter, judges of the Court of Common Pleas, Dauphin County, and, James Pianka (now retired) and Joseph P. Solomon, magisterial district judges. Again like Judge Rambo, these judges argue that they are protected by the doctrine of judicial immunity. *See* Doc. No. 27 (motion); Doc. No. 34 (supporting brief); Doc. No. 35 (plaintiff's opposition brief).

As with Judge Rambo, the conduct of which plaintiff complains was connected (as best as can be determined from plaintiff's Complaint) with conduct taken by these judicial officers in their judicial capacity. Nothing appears in the Complaint alleging any lack of jurisdiction or want of legal authority. Nor is any argument made that the doctrine does not apply to a Section 1985 action or to state judges. *See, e.g.*, *Horne v. Farrell*, 560 F. Supp. 219, 222-23 (M.D. Pa. 1983) (judicial immunity doctrines applies to state court judges). Therefore, the Court will recommend that the state judicial defendants' motion to dismiss be granted. (Doc. No. 27.)

C.  Defendant Warden Dominick DeRose's Motion To Dismiss

Although her Complaint is not entirely clear. It appears that the conspiracy which plaintiff alleges to have existed involved, at least, the

---

[6] In light of the recommendation foregoing legal analysis and recommendation, the Court need not take time to discuss the federal defendants' defense relating to the Federal Tort Claims Act. (Doc. No. 38 at 8-9.).

8

wrongful approval and execution of the search warrant used by police to search her and her husband's home. *See* Compl. attachment at 4 ("This was a conspiracy? Yes. The search warrant would not hold in Dauphin County Court . It was weak."). However, Warden DeRose, who oversaw the Dauphin County Prison to which plaintiff was committed for some 20 days, is also a defendant in this action. Allegedly, while in jail, the nurses failed to issue plaintiff blood pressure medicine which she desperately needed, and as a result, plaintiff was injured. (Plaintiff has not alleged any Eighth Amendment medical care claim against the Warden.) Warden DeRose has brought a motion to dismiss. *See* Doc. No. 26 (motion); Doc. No. 32 (supporting brief); Doc. No. 35 (plaintiff's opposition brief).

       1.      Statute of Limitations

Warden DeRose, like the federal defendants, *supra*, asserts a statute of limitations defense based on the two year limitations period under 42 Pa. C.S. § 5524; *Bougher*, 882 F.2d at 78. The Court agrees. The underlying conduct occurred in 1998. Plaintiff was in DeRose's jail in 1998. She was then aware of the wrong and her injury. Nothing in the Complaint provides any basis for tolling the limitations period.[7]

       2.      Personal Involvement

Warden DeRose, as does federal defendant Behe, *supra*, asserts that the Complaint fails to state a civil rights claim because it fails to set forth any facts alleging that DeRose was personally involved in the alleged wrongs, i.e., the conspiracy. Not only does the Complaint not allege any involvement by

---

[7] The Court notes that DeRose also asserts a defense based on laches. But nothing in DeRose's brief establishes that DeRose's defense was materially prejudiced by plaintiff's delay. *See* Doc. No. 32 at 12 (arguing "material prejudice" standard and citing case law). Thus the Court does not agree that there is a laches defense.

9

DeRose with regard to the search warrant, its execution, and plaintiff's subsequent arrest and trial, but the Complaint does not make any allegations tying DeRose to plaintiff's treatment while in prison. Plaintiff makes no allegations of actual participation by DeRose in these events, nor of his having actual knowledge of them or of having acquiesced in them. Absent such personal involvement, the claim against DeRose fails. *See Rode, 845 F.2d at 1207-08.*

> 3. Plaintiff is Collaterally Estopped from Challenging the Validity of Her Prior Arrest and Conviction

As plaintiff admitted in her complaint in the prior action, after the police searched her home, and after they arrested her, the state instituted judicial proceedings against her on a variety of drug related charges. After securing a conviction of her husband on the drug related charges, she was offered and accepted a plea. She pled guilty to endangering the welfare of a child. *See* Compl. at 2-3 (June 23, 1999), *Banks-Bennett v. Bureau's Organized Crime and Vice Control Unit*, Civ. A. No. 99-1065 (M.D. Pa. Sept. 27, 2000). (Dkt. No. 1.) It appears that this civil rights action effectively challenges the validity of the search, arrest, judicial proceedings, and subsequent conviction (after a plea). However, as defendant DeRose argues: "Under *Heck* [*v. Humphrey,* 512 U.S. 477 (1994)], a [civil rights] action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by [state or federal] collateral proceedings." *Gilles v. Davis*, 427 F.3d 197, 208-09 (2005). Given that this prior conviction has not been overturned or impaired, plaintiff's action against DeRose cannot succeed.[8]

---

[8] The Court does not agree, on the record before it, with DeRose's defense relating to collateral estoppel tied to the prior action (as opposed to

    D.    **Defendants Bureau Of Organized Crime And Vice Unit, Detective Jackson, Lieutenant John Goshert, And Mayor Steven Reed's Motion to Dismiss**

The municipal defendants, including, Mayor Steven Reed of Harrisburg, the Bureau of Organized Crime and Vice Unit, Detective Jackson, and Lieutenant Goshert, have also filed a motion to dismiss. (Doc. No. 25 (motion); Doc. No. 33 (supporting brief).) Plaintiff filed an opposition brief. (Doc. No. 35.)

    1.    Statute of Limitations

The municipal defendants, like the federal defendants and Warden DeRose, move for dismissal on statute of limitations grounds. *See* 42 Pa. C.S. § 5524; *Bougher*, 882 at 78. On the alleged facts, there is no principled

---

the prior conviction). DeRose asserts that "the issue in the 1999 Complaint is identical to that presented in this action; i.e. whether the search warrant executed at Plaintiff's home was valid." Doc. No. 32 at 9. DeRose does not point to any place in the record of the prior action establishing this legal claim. *See infra* Section III[D][5] (rejecting the municipal defendants' collateral estoppel defense tied to the prior action).

    As to defendant's *res judicata* argument, defendant has failed to establish that in the prior action, the claim against the county related to the warrant, search, arrest, judicial proceedings, and subsequent conviction along with the time served in jail. To the extent that the claim against the county in the prior action was a conceptually unrelated Eighth Amendment medical care claim, it is not at all clear why *res judicata* should succeed as a defense. In other words, DeRose has not sufficiently developed its *res judicata* defense, including, for example, establishing that "any claims against [DeRose] in his capacity as Dauphin County Prison Warden are in reality claims against Dauphin County [a purported privy of DeRose's and a defendant in the prior action]." Doc. No. 32 at 9. *But cf. infra* Section III[D][6] (finding meritorious the *res judicata* defense of a single municipal defendant).

    Finally, in light of the court's recommendation to dismiss on multiple legal theories, it need not address defendant DeRose and the municipal defendants' *Rooker-Feldman* defense. *See* Doc. No. 32 at 10; Doc. No. 33 at 14-1 6.

11

distinction between the federal and the municipal defendants. Thus, just as the Court will recommend dismissal on statute of limitations grounds in regard to the federal defendants, it will also do so in regard to the municipal defendants.[9]

### 2. No Allegations of Personal Involvement made in Regard to Mayor Steven Reed

Just as defendants Behe and DeRose argue that civil rights liability cannot be premised absent allegations of personal involvement (or actual knowledge and acquiescence) in the alleged wrong, Mayor Steven Reed also asserts that the Complaint is devoid of allegations of personal involvement by him. The Court agrees. Just as the Court will recommend dismissal under the *Rode* standard, *supra*, in regard to defendants Behe and DeRose, it will also do so in regard to defendant Reed.

### 3. Defendant Bureau of Organized Crime and Vice Unit is not a Proper Defendant in a Civil Rights Action

Defendant Bureau of Organized Crime and Vice Unit asserts that it is not a "person" as used in Section 1983 (and, by implication, under Section 1985), and therefore not subject to liability in regard to a civil rights claim. The Court agrees. *See, e.g.*, Texter v. Merlina, Civ. A. No. 4-0173, 2005 WL 1513117, at *1-2 (M.D. Pa. June 27, 2005) (Conner, J.) (dismissing, under Rule 12(b)(6), a Section 1983 claim against a municipal police department).[10]

---

[9] The Court notes that the municipal defendants also assert a defense based on laches. But nothing in their brief establishes that any defendant was materially prejudiced by plaintiff's delay. *See* Doc. No. 33 at 16 (arguing "material prejudice" standard and citing case law). Thus the Court does not recommend dismissal on the basis.

[10] In a case brought within the limitations period, the Court would permit a pro se plaintiff to amend her Complaint to add the potential municipal defendant where only the political subunit or administrative department or

### 4.   Plaintiff is Collaterally Estopped from Challenging the Validity of Her Prior Arrest and Conviction

The municipal defendants, like defendant DeRose, argue that any civil rights liability under Section 1983 (and, by implication, under Section 1985) is barred by defendant's prior conviction arising out of the same nexus of facts unless the conviction is overturned on direct review or impaired by a collateral attack. The Court agrees.  *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Gilles*, 427 F.3d at 208-09.

### 5.   Collateral Estoppel Relating to the Prior Action

The Court does not adopt the municipal defendants' collateral estoppel defense relating to the prior action, based upon the present record. *See supra* note 8 (rejecting defendant DeRose's collateral estoppel argument relating to the prior action). The municipal defendants assert that "the issue in the 1999 Complaint is identical to that presented in this action; i.e. whether the search warrant executed of Plaintiff's home was valid." Doc. No. 33 at 14. Defendants do not point to any place in the record of the prior action establishing this legal claim. To put it another way, to establish collateral estoppel, the defendant must show that the alleged issue was litigated or adjudicated, not merely that it was recited by the plaintiff in a stale complaint.  *See* Doc. No. 33 at 13 (citing the complaint in the prior action); *see also* Doc. No. 32 at 9 (same).

---

entity had been pled. But here, where the action is brought well beyond the limitations period and given that no fact or argument for tolling has been made, such an amendment would be futile. *See Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000) ("[A] District Court may deny leave to amend on the grounds that amendment would cause undue delay or prejudice, or that amendment would be futile."). Therefore, the Court will not recommend an opportunity for plaintiff to amend. For similar reasons, the Court does not reach defendant Bureau's Organized Crime and Vice Unit's defense relating to an absence of allegations relating to municipal policy, practice, or custom. *See* Doc. No. 33 at 10-11.

The fact that an issue (among many issues) was recited in a complaint does not illustrate that it was actually litigated between the parties. *See Witkowski v. Welch*, 173 F.3d 192, 199 (3d Cir. 1999) (noting that collateral estoppel precludes relitigation of issues already "actually litigated").

    6. *Res Judicata* Relating to the Prior Action

Finally, the municipal defendants assert that *res judicata* or claim preclusion bars the instant action against the municipal defendants. However, "under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *In re Cont. Airlines*, 279 F.3d 226, 232 (3d Cir. 2002). Here "cause of action" does not refer to any discrete theory of liability (a traditional count within a complaint), but refers more broadly to the factual nexus giving rise to a claim. Undoubtedly, the facts of the instant action and the prior action are identical, although the theory of liability under which liability is asserted in the instant action is conspiracy liability, but was asserted under other theories in the prior action. Also, the only municipal defendant appearing in both actions is the Bureau's Organized Crime and Vice Control Unit. (Nor do the municipal defendants argue that the remaining municipal defendants are privies of defendants appearing in the former action.) Thus, the *res judicata* defense succeeds, but only in regard to one defendant, i.e., the Bureau's Organized Crime and Vice Control Unit.

   E. The Remaining Defendants

Four defendants remain. These include: Chief Lenker of Steelton, two unnamed DEA Agents, i.e., John Does, and the unnamed Assistant District Attorney for Dauphin County in the case of the prosecution of Banks-Bennett from May 7, 1998, another John Doe. Plaintiff's failure to identify the three John Does more than a year into this litigation warrants dismissal.

14

Furthermore, it appears obvious from the face of the Complaint, (Doc. No. 1), and for the reasons elaborated above, that these four defendants have a valid affirmative defense: the statute of limitations. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002) (noting that "[a]s a general proposition, sua sponte dismissal is inappropriate unless the basis is apparent from the face of the complaint."); *cf. Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000) (explaining that "[a] District Court may deny leave to amend on the grounds ... that amendment would be futile" and additionally noting that the futility determination is governed by the rule 12(b)(6) legal sufficiency standard). The Court will therefore recommend dismissal in regard to these four defendants as well.

**IV. CONCLUSION**

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

(1) defendants Rambo, Behe, and Brandler's motion to dismiss, (Doc. No. 37), be **GRANTED**;

(2) the state judicial defendants' motion to dismiss, (Doc. No. 27), be **GRANTED**;

(3) defendant Warden Dominick DeRose's motion to dismiss, (Doc. No. 26), be **GRANTED**;

(4) defendants Bureau of Organized Crime and Vice Unit, Det. Jackson, Lt. John Goshert, and Mayor Reed's motion to dismiss, (Doc. No. 25), be **GRANTED**;

(5) the remaining defendants be **TERMINATED** from this action; and,

(6) this action be **DISMISSED** with **PREJUDICE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: March 19, 2009

O:\shared\REPORTS\2008 Reports\08-0280-01.wpd