# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIRLEY A. BANKS-BENNETT, | : |
| Plaintiff | : Civil Action No. 1:08-cv-00280 |
| v. | : (Chief Judge Kane) |
| BUREAU'S ORGANIZED CRIME AND VICE CONTROL UNIT et al., | : |
| Defendants | : |

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On February 13, 2008, Plaintiff filed a complaint against the Bureau's Organized Crime and Vice Control Unit, Detective Jackson, Chief Lenker, Lieutenant John Goshert, The Honorable Judge John Cherry, The Honorable Judge Lawrence F. Clark, Jr., Warden of Dauphin County Prison, Dominik DeRose, The Honorable Judge Kleinfelter, The Honorable Judge James Pianka, The Honorable Judge Joseph S. Solomon, The Honorable Judge Sylvia Rambo, Assistant United States Attorneys William A. Behe and Bruce Brandler, Mayor Steven Reed, two unnamed DEA Agents, and an unnamed Assistant District Attorney. (Doc. Nos. 25, 26, 27, & 37.) Plaintiff's complaint, a civil rights action under 42 U.S.C. § 1985 (3), is based on Defendants' conduct connected to the events surrounding the May 7, 1998, search of her home and cars, and the subsequent arrest, trial, and conviction of her husband, George Bennett. Defendants filed motions to dismiss, which were referred to Magistrate Judge Mannion on January 7, 2009, for a report and recommendation ("R&R"). (Doc. No. 41.) On March 20, 2009, Magistrate Judge Mannion recommended that the case be dismissed as against all Defendants. (Doc. No. 42.) Specifically, he found that all allegations were either made against Defendants in

their prosecutorial or judicial capacity, entitling them to immunity; the allegations were barred by the statute of limitations; or there had been no allegation of personal involvement against the Defendants. (Id.) Plaintiff filed objections to the R&R on March 24, 2009, and a supplement to those objections the following day. (Doc. Nos. 43 & 45.) Magistrate Judge Mannion's R&R and Plaintiff's objections are now ripe before the Court for disposition. For the reasons that follow, the Court will overrule Plaintiff's objections and adopt the R&R.

## II. STANDARD OF REVIEW

When a party objects to a report and recommendation of a magistrate judge, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); M.D. Pa. L.R. 72.3; Blasi v. Attorney General of Com. Of Pa., 30 F. Supp. 2d 421, 484 (M.D. Pa. 1998). The Court may also "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. It is well settled law that district courts have ample discretion regarding how they treat a magistrate judge's recommendations. See, United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed. 2d 424 (1980).

## III. DISCUSSION

The basis of Plaintiff's objections to the R&R is not entirely clear. She claims that (1) she told Judge Rambo that police never read her rights and this constituted a violation of her Miranda Rights; (2) all Defendants "directly alleged conspired (sic)" against her; (3) she filed a motion to add "defendant in the original civil action" on April 22, 2008; (4) she was at 2649 Waldo St., in Harrisburg and "the County, State, and Federal were not there" on May 7, 1998; (5) there "is no statute of limitations of alleged conspiracy;" (6) she adequately objected to the R&R; and (6) the Rooker-Feldman doctrine has been demolished by the "Marshal approach" and

the "Gash approach" and "the Noel Approach." (Doc. No. 43 at 1-2.)

After a de novo review of this matter, the Court holds that Magistrate Judge Mannion correctly determined the legal and factual issues presented by Plaintiff's claims. Plaintiff's objections are meritless, as they do not address the substantive issues relating to prosecutorial immunity, judicial immunity, the statute of limitations, her failure to allege personal involvement against certain Defendants, or her failure to identify the unnamed Defendants. Further, the mention of the Rooker-Feldman does not relate to any of the findings of Magistrate Judge Mannion; it was not a basis for the dismissal of her claims. At best, Plaintiffs' objections appear to be only a restatement of certain issues raised in her complaint. Accordingly, Plaintiff's objections to Judge Mannion's R&R are without merit, and her objections are overruled.

**AND NOW**, on this 30th day of April 2009, upon consideration of Defendants' motions to dismiss (Doc. Nos. 25, 26, 27, & 37), the report and recommendation of Magistrate Judge Malachy E. Mannion (Doc. No. 42), and Plaintiff's objections thereto (Doc. Nos. 43 & 45), **IT IS HEREBY ORDERED THAT**:

1. The report and recommendation of Magistrate Judge Mannion (Doc. No. 42) is **ADOPTED**.

2. Plaintiff's objections to Magistrate Judge Mannion's R&R (Doc. No. 43) are **OVERRULED**.

3. The motions to dismiss (Doc. Nos. 25, 26, 27, & 37) are **GRANTED**.

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania